```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

MATTHEW JONES,                  *
                                *
     Plaintiff,                 *
                                *
vs.                             *  CIVIL ACTION NO. 23-00459-KD-B
                                *
ANDALUSIA POLICE, et al.,       *
                                *
     Defendants.                *
```

### REPORT AND RECOMMENDATION

Plaintiff Matthew Jones, a serial *pro se* litigant who seeks to proceed without prepayment of fees or costs, filed a civil complaint against the "Andalusia Police" and "Covington County Police Department." (Doc. 1). In his complaint, Jones alleges that "in the year 2000, when [he] was 14 years old," his aunt "planned and scheduled anal rapes and tortures for [him] from the police all along the U.S. Route 13 Highway from Delaware to Georgia, to Florida and back to Delaware."[1] (Id. at 2). Jones claims to have been anally and orally raped on this route by uniformed officers and private individuals in Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Louisiana, Alabama, Mississippi, Texas, Arkansas, Tennessee, Kentucky, Missouri, and West Virginia. (Id. at 2-4). Jones states that at one of the stops on the route, he "was raped anally and

---

[1] Jones states that he is a citizen of Delaware. (Doc. 1 at 1).

orally and tortured by the Andalusia Alabama Police Department [and] the Covington County Alabama Police Department[.]" (Id. at 3). Jones asserts that "[a]nal rape is murder" and claims that "[t]o resurrect [him] from the dead each time, a 250 year old tree needed to be converted into medicine as well as the plants that only grow around them." (Id. at 4-6).

According to Jones, the "rapes left [him] in a mental delirium that continued for twenty years[,]" and he "suffered major losses of blood in all of the rapes, deaths, internal bleeding, broken ribs, and broken joints and eye sockets[,]" along with "major obesity, heart diseases, . . . diabetes risks" and "major STD risks." (Id. at 4-5). Jones requests compensatory damages in the amount of $125,000 and arguably asserts claims for negligence; assault and battery; under 42 U.S.C. § 1983 for violations of his rights under the First, Eighth, and Fourteenth Amendments; under the Federal Tort Claims Act; and under certain criminal provisions, including 10 U.S.C. § 920 and 18 U.S.C. §§ 2 and 2031-32. (Id. at 5-7, 10-11).

Upon review of Jones' complaint, the undersigned, in an order dated December 6, 2023, found it to be devoid of any factual basis suggesting that venue is proper in the Southern District of Alabama. (Doc. 3 at 4). The undersigned observed that Jones is purporting to sue the Andalusia and Covington County (Alabama) Police Departments and noted that Covington County, Alabama, and

2

its county seat, Andalusia, are located in the Middle District of Alabama.  (Id. (citing 28 U.S.C. § 81(b)(1)).

Since neither Defendant police department is located in the Southern District of Alabama, and none of the events giving rise to Jones' claims are alleged to have occurred in the Southern District of Alabama, the undersigned ordered Jones to show cause why this action should not be dismissed or transferred for improper venue.  (Id. at 5).  The undersigned informed Jones that if he asserted that this action should be transferred to another district rather than being dismissed, he needed to set forth reasons explaining why transfer, rather than dismissal, is in the interest of justice.  (Id.).

Jones responded to the Court's order as follows:

> I chose to file in the Southern District of Alabama because Diversity of Citizenship: The matter is between an individual and a State municipality of different States and the matter exceeds $75,000.  I chose to file in the Southern District of Alabama because there is a Federal Question: the claim arises under the Constitution and laws of the United States.  I chose to file in the U.S. District Court because the police are a government defendant.  Upon further consideration, after reading the Judge's Order, I asked my search engine where is the proper venue for a case against Andalusia, Alabama Police, and my search returned "The Southern District U.S. District Court of Alabama."

(Doc. 4 at 1).

Under the general venue provisions of 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides,

>if all defendants are residents of the State in which the district is located;
>
>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see also New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying the venue provisions of § 1391(b) to a § 1983 action).

Jones has been afforded an opportunity to show cause why venue is properly laid in the Southern District of Alabama. However, Jones has failed to provide any allegation, argument, or evidence demonstrating any relevant connection between the Southern District of Alabama and his claims in this action. As explained in the Court's previous order, Jones' complaint lacks any factual basis suggesting that venue is proper in the Southern District of Alabama. Neither of the Defendants reside or are located in the Southern District of Alabama; thus, venue in this judicial district is not proper under 28 U.S.C. § 1391(b)(1). Further, none of the events giving rise to Jones' claims are alleged to have occurred in the Southern District of Alabama; thus, venue in this district is not proper under 28 U.S.C. § 1391(b)(2). And, because this action could have been brought in the Middle District of Alabama,

4

28 U.S.C. § 1391(b)(3) is not applicable.

When venue is not proper in the district of filing, the district court must dismiss, or if it is in the interest of justice, transfer the action to any district in which it could have been brought. 28 U.S.C. § 1406(a). The decision whether to transfer or dismiss a case under § 1406(a) is left to the sound discretion of the district court. Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam).

Under the circumstances of this case, the undersigned submits that dismissal is appropriate because transfer is not in the interest of justice. Specifically, given Jones' track record as a vexatious litigant and the frivolous nature of his claims in this case and similar cases, transfer of this action to the Middle District of Alabama would be both futile and inefficient. See Adeshina v. Bush, 2022 U.S. Dist. LEXIS 2800, at *2, 2022 WL 62266, at *1 (N.D. Fla. Jan. 5, 2022) (concluding that "the fantastical nature of the allegations makes transfer not in the interest of justice").

As other federal courts have documented, "Jones has been making the same or similar claims [of rape and torture] against police departments throughout the country since 2017." Jones v. Perryville Police, 2023 U.S. Dist. LEXIS 216922, at *1, 2023 WL 8458224, at *1 (E.D. Ky. Dec. 6, 2023). And those courts have repeatedly found Jones' similar or identical claims of rape and

abuse by multiple law enforcement agencies to be "patently frivolous, completely irrational, and wholly incredible." Jones v. Tampa Bay Police, 2023 U.S. Dist. LEXIS 225330, at *4, 2023 WL 8780565, at *2 (M.D. Fla. Dec. 19, 2023) (*sua sponte* dismissing with prejudice a nearly identical complaint by Jones against a Florida police department); Jones v. Steele Police, 2023 U.S. Dist. LEXIS 221776, at *6-8, 2023 WL 8619289, at *3 (E.D. Mo. Dec. 13, 2023) (concluding that Jones "is a mentally-ill serial litigant" based on his wholly incredible allegations and extensive history litigating similar claims, and noting that "[w]hile the Court does not take [Jones' allegations of sexual assault by law enforcement officials in numerous states] lightly, the sheer scope of the allegations, coupled with his subsequent allegation of multiple resurrections from the dead by magical means, cast them in a different light from other allegations of sexual abuse"); Perryville Police, 2023 U.S. Dist. LEXIS 216922, at *4, 2023 WL 8458224, at *2 (dismissing with prejudice Jones' similar complaint against a Kentucky police department at the initial screening stage); Jones v. Vermont State Police, 2023 U.S. Dist. LEXIS 73107, at *8, 2023 WL 3061554, at *3 (D. Vt. Mar. 22, 2023) ("[Jones] has now filed at least six complaints alleging that law enforcement officers raped and attempted to murder him when he was a child . . . . The Third Circuit has noted [Jones'] propensity for making these types of allegations. It is incredible to believe that

6

officers from four separate law enforcement entities in Vermont as well as two in Maine could have engaged in the same type of behavior."); cf. Jones v. Bridgeville Police Dep't, 758 F. App'x 235, 235 (3d Cir. 2019) (per curiam) (noting Jones' penchant for raising "myriad allegations of rape, murder, and kidnapping by members of [a] town's police department"). Indeed, it is clear from the instant complaint and Jones' numerous similar filings that Jones' claims are based on fantastic or delusional factual scenarios, and that this action will be subject to *sua sponte* dismissal regardless of where it is filed.

Accordingly, it is recommended that this action be **DISMISSED without prejudice** because of improper venue, pursuant to 28 U.S.C. § 1406(a).[2]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

---

[2] Because venue is not proper in the Southern District of Alabama, the undersigned will not conduct an initial screening of Jones' complaint under 28 U.S.C. § 1915(e)(2)(B) or address in detail the complaint's pleading deficiencies and other legal shortcomings.

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **December, 2023.**

                                        **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**